IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARISSE STEPHENSON,<br>　　　Plaintiff,<br><br>v.<br><br>VIRGINIA WORKERS'<br>COMPENSATION COMMISSION, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§　No. 3:25-CV-2337-K-BW<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Sharisse Stephenson's Motion for Temporary Restraining Order and Preliminary Injunction, received on August 29, 2025. (Dkt. No. 4 ("Mot.").)  This case has been automatically referred to the undersigned magistrate judge for case management by Special Order 3-251.  (*See* Dkt. No. 1.)  Based on the relevant filings and applicable law, the District Judge should **DENY** the motion.

**I. BACKGROUND**

Stephenson, who identifies a Dallas address, alleges that she filed a worker's compensation claim in Virginia relating to psychological injury incurred during her employment.  (Dkt. No. 3 ("Compl.") at 3.)  As a result of her injury, she has been diagnosed with PTSD and has been participating in an intensive outpatient treatment program.  (*Id.*)  Stephenson filed this lawsuit against the Virginia Workers' Compensation Commission ("Commission") and its Deputy Commissioner, Lee Wilder, because she has been instructed to appear in person for a hearing before the

Commission in Franklin, Virginia on October 7. (*See id.* at 1-3.) She alleges that she cannot safely attend the hearing in person due to her medical circumstances and that the Commission has not challenged her diagnosis or submitted proof controverting it. (*See id.* at 3.) Stephenson alleges that the Commission rebuffed her offer to attend the hearing remotely and that requiring her in-person appearance violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and her rights to equal protection and due process. (*See id.* at 6-7.) In her motion for a temporary restraining order ("TRO") and preliminary injunction, Stephenson asks the Court to prevent the Commission and Wilder from requiring her in-person attendance at the October hearing in Virginia and to prevent the agency from conditioning her participation in the hearing on retaining private counsel. (Mot. at 1-3.)

## II.  INJUNCTIVE RELIEF

Stephenson seeks injunctive relief to prevent a Virginia state agency from requiring her in-person appearance at a hearing in Virginia. (*See* Mot.) The request for ex parte injunctive relief prior to effecting service implicates Federal Rule of Civil Procedure 65(b)(1). Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Stephenson has failed to allege specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result if a temporary restraining order ("TRO") is not issued.  In addition, she has not certified in writing any efforts made to give notice to the named defendants and the reasons why notice should not be required before a TRO is issued.  Because Thomas has failed to comply with the legal requirements of Rule 65(b)(1), the Court should deny her request for ex parte injunctive relief.

### III.  RECOMMENDATION

The District Judge should **DENY** the request for injunctive relief.

**SO RECOMMENDED** on September 2, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).